RADELL, Appellant, vs. SHARLAN, Respondent.

*March 16 — May 15, 1886.*

*Contracts: Instructions to jury: Sale on approval: Material necessarily used in testing machine.*

1. In an action for the purchase price of a harvester it is *held* that if, as claimed by the defendant, the machine was furnished to him to do his harvesting and was to be returned if not satisfactory, the evidence did not warrant any inference that the twine necessarily used with the machine in making such test was to be paid for in case the defendant did not keep the machine.

2. Instructions to the jury that in determining what the terms of an oral contract were they should endeavor to find out from the testimony what the parties understood or meant in regard to it, and that they should get at the substance of the transaction and not pay too much attention to the precise words which each party used, are *held* to have been proper.

APPEAL from the Circuit Court for *Trempealeau* County.

Action to recover the purchase price of a "Light Champion Binder," alleged to have been sold and delivered to the defendant. The answer alleges that the machine was not to be paid for unless the defendant was satisfied with it and kept it after thoroughly testing it; that he had tested it and could not make it work satisfactorily; and that he had returned it to the plaintiff. There was a verdict for the de-

Radell vs. Sharlan.

fendant, and from the judgment entered thereon the plaintiff appealed.    Other facts will appear from the opinion.

*E. C. Higbee*, for the appellant.

*E. Q. Nye*, for the respondent.

Cole, C. J.    The first three errors assigned for the reversal of the judgment arise upon exceptions taken to the charge of the court.    The charge, when considered as a whole, seems to us unexceptionable.    It is objected that the learned circuit judge said, among other things, that, as he understood the defendant's claim about the machine in dispute, it was that the plaintiff agreed to furnish him the reaper to do his harvesting, and the twine to use with it, and then, if not satisfied with it, he could return it, and that the defendant's testimony tended to corroborate his theory of the case. Now, it is said, in this charge the circuit court made two erroneous assumptions of fact prejudicial to the plaintiff's case.    The main issue in the case plainly was whether the plaintiff sold the reaper, as he said he did, upon the warranty that the machine would do good work under all ordinary circumstances, and do as good binding as is ordinarily done by hand or any other binder, and, if it did not so work on fair trial, the defendant might return it; or whether, as the defendant said, he was to take the machine on trial, and, if not satisfied with it after thoroughly testing it in his harvest, he was not to keep it.    This certainly was the real question litigated on the trial.    The plaintiff attempted to prove that the machine did good work, and fully answered the warranty, consequently that the defendant was bound by the contract to keep it.    On the other hand, the defendant sought to show that the contract was if the machine did not work to his satisfaction he had the right to return it, as he did, after trial.

When the case was called for trial, the plaintiff amended his complaint, alleging that the sale of the twine was a separate transaction.    It is said there was nothing in the an-

swer or the testimony which justified the remark of the court that the defendant claimed the plaintiff was to furnish the twine to use with the machine while it was being tested. We cannot agree with counsel on this point. Both parties agree that the defendant was to have an opportunity to test the machine in harvesting. The machine could not be operated without twine to bind the grain. It is an irresistible inference that, when the parties agreed that the machine should be tested, it was understood by them that the necessary twine should be furnished for the purpose. The idea that it was supposed the defendant would pay for the twine whether he kept the machine or not is absurd. If the machine answered the warranty on trial, or gave satisfaction, the defendant was to keep it and pay for such twine as he had, in cash. The defendant had no use for the twine, and did not want it except to make trial of the machine. It is true, when he was negotiating for the machine he inquired as to the price of the twine, and how much it would take to bind an acre, and, on being told, took enough to bind his fifty or sixty acres of grain. But there is ample evidence to support the inference that the parties understood the defendant was only to pay for the twine in the event he should retain the machine. It would be a most unwarranted conclusion from the evidence that there was a separate and distinct sale of the twine without regard to the machine, and that the intention was it was to be paid for even if the machine should be returned because it did not answer the warranty, as the plaintiff claims; or because the defendant, as he claims, had the right to return it if he was not satisfied with it. Therefore the criticism made on this part of the charge is not well founded.

The next exception is taken to that part of the charge wherein the court told the jury that the most important question in the case for them to determine was as to what was the real contract between the parties,— whether it was substantially as the plaintiff claimed it to be, or whether it

Radell vs. Sharlan.

was substantially as the defendant claimed.  The jury were told, in effect, that they should endeavor to find out from the testimony what the parties understood or meant in regard to it; that they could not always ascertain that by a critical examination of the words used by the parties in the testimony which they gave, but the jury should get at the substance of the transaction, and not pay too much attention to the precise words which each party used. This was in substance telling the jury they must determine from the evidence what the contract was,— whether the machine was sold upon the agreement as the plaintiff claimed, or upon the agreement as the defendant claimed, it was. It seems to us the question of fact was fairly submitted upon the evidence.

After the court had clearly stated the real question in dispute,— whether the machine was sold upon a warranty, and was as good as it was represented to be, so that the defendant was bound to pay for it according to the agreement, or whether the contract was that the defendant should take the machine, and use it in his harvest, and, if satisfied with it, keep it, otherwise return it,— the court added: " These are all the questions in the case." An exception is taken to this last remark, and it is said it enjoined the jury to disregard the testimony that the sale of the twine was a separate transaction. We have already stated our views upon that point. We do not really think there was any evidence in the case to submit such a question to the jury. The charge of the court is quite full upon the real issue, and no special instructions were asked by the plaintiff. There is certainly nothing in the charge of which he can complain.

The other error assigned, that the court should have granted the motion for a new trial, is sufficiently disposed of by what has already been said.

The judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.